IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LUMBERMENS MUTUAL CASUALTY COMPANY,** | |
| **Plaintiff,** | |
| v. | 1:04-cv-339-WSD |
| **ABLE TELECOMMUNICATIONS & POWER, INC., et al.,** | |
| **Defendants.** | |

## ORDER

This matter is before the Court on Defendants' Motion to Exclude Plaintiff's Introduction and Use of Undisclosed Evidence of Reinsurance and for Involuntary Dismissal Under Rule 41(b) or Judgment [163] and Defendants' Motion to Exclude All Testimony from Jay Labe and Scott Leo [165].

## I.   BACKGROUND

The motions listed above remain before the Court following the Court's nearly four-hour hearing on January 23, 2006. These remaining motions evidence the fundamentally poor manner in which the parties have litigated this matter. Each party has enforced its myopic view of the issues in the litigation and allowed their

respective view to affect their judgment, the fulfilment of their responsibilities under the rules of procedure and their duty to seek fairness in the litigation.  Both parties have allowed their litigating strategies to cloud their judgment; the result is an inefficient preparation of this case for trial.  This litigating conduct has placed the Court in the untenable position of having to consider evidentiary issues without the factual foundation ordinarily available in cases litigated before the Court.  The issues in these two motions are of the parties' own making.  Within the confused context created by the parties, the Court must exercise its discretion with the goal of seeking the presentation of evidence to a jury at trial that will allow them to reach a just result.

**II.  DISCUSSION**

> A.  Motion to Exclude Plaintiff's Introduction and Use of Undisclosed Evidence of Reinsurance and for Involuntary Dismissal Under Rule 41(b) or Judgment

The Court first summarizes the basic context in which this motion is presented.  Plaintiff, early in this litigation, determined that the reinsurance agreements it had entered into and which applied to the risks at issue in the case, were not relevant.  Plaintiff did not allow discovery to be conducted on these

agreements, did not voluntarily disclose them and refused to allow discovery of their terms. This position has been asserted even though Plaintiff has been paid under these reinsuring agreements for the surety payments it made, and claims in the case that it is entitled to seek indemnity from the Defendants because Plaintiff, it claims, is obliged to repay the reinsurance companies the payments they made previously to the Plaintiff. Having reached its conclusion that the reinsurance agreements were irrelevant to the litigation, Plaintiff did not seek a protective order, request a meeting with the Court or otherwise seek the Court's guidance on how appropriately to protect this reinsurance information. Plaintiff argues in the current controversy that if Defendants wanted this discovery they should have moved to compel its disclosure.[1]

---

[1] Plaintiff argues "[t]here is no law in this Circuit upholding any Rule 37 sanctions in the absence of a court order compelling discovery," and that any Rule 37 sanctions issued by this Court against Lumbermens would be improper. (Pl.'s Resp. to Defs.' Mot. to Exclude at 10-12.) However, the cases cited by Plaintiff stand for the proposition that the decision to dismiss a claim or enter default judgment is appropriate only when there has been willful disobedience of a discovery order, see, e.g., United States v. Certain Real Property Located at Route 1, Bryant, Alabama, 126 F.3d 1314 (11th Cir. 1997), and do not limit the Court's "broad authority under Rule 37 to control discovery," and to impose lesser Rule 37 sanctions "intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999); see also Fed. R. Civ. P. 37(c)(1), 37(b)(2)(A)-(C).

Defendants have requested reinsurance information and claimed throughout the litigation it is important. Yet, when the information about reinsurance was not produced they did not move to compel the production of it and did not otherwise raise the issue with the Court until the pretrial conference. Defendants essentially argue in the current controversy that it should not have had to move to compel because the information should have been produced in discovery voluntarily. They seek now not just to preclude the information from introduction at trial, but also suggest this Court take the drastic, and in this case inappropriate, step of dismissing the action.

The Court has determined reinsuring arrangements are relevant in this action and necessary for a fair and complete presentation of the issues to the jury. The Court declines to be limited to the Hobson's choice presented by the parties. Accordingly, the Court will allow discovery to be conducted on the issue of the reinsurance agreements. Because the agreements are germane to the issue of whether payments made under them are required to be repaid to the reinsurers who made the payments, discovery is limited to the payments made and the issue of the obligation under the reinsurance agreements to repay the reinsurers. Counsel for the parties shall contact each other immediately to schedule the discovery and such

discovery shall be scheduled in such a way that the trial may begin on the date scheduled. The Court relies upon the parties to cooperate in scheduling this discovery and admonishes them that scheduling disputes should be addressed to the Court only in the extraordinary circumstance where the parties cannot mediate the dispute themselves.

> B. Defendants' Motion to Exclude All Testimony from Jay Labe and Scott Leo

Plaintiff has advised the Court that it now does not intend to call Scott Leo as a witness, and in view of that representation, Defendants' motion is granted as to Mr. Leo. (See Pl.'s Resp. to Defs.' Mot. to Exclude All Test. from Jay Labe and Scott Leo at 1.)

Mr. Labe was listed by the Plaintiffs as one of over 180 "may call" witnesses listed in the Pretrial Order filed by the parties. At the January 23, 2006 hearing, the Court requested Plaintiff to present the affidavit of Mr. Shahinian with Mr. Shahinian's testimony regarding (i) why there was a delay in producing documents pertaining to this case to Plaintiff's Atlanta counsel, (ii) whether Mr. Shahinian knew on April 21, 2004, that Mr. Labe had discoverable information about the claims and defenses in this case, and (iii) when he communicated to Plaintiff's Atlanta counsel

that Mr. Labe had such information.  The Court has now reviewed Mr. Shahinian's affidavit and concludes that Mr. Labe and the scope of his relevant knowledge were known to Plaintiff on April 21, 2004.  Mr. Labe was required to be disclosed.

The Court notes further that on November 15, 2004, Defendants served on Plaintiff their First Interrogatories, the first of which requested:  "Identify all persons with knowledge of the facts underlying the claims in Plaintiff's Complaint in this matter."  On December 15, 2004, in its response to Defendants' interrogatories, Plaintiff answered Interrogatory No. 1 by identifying Mr. William Purnell, stating further that "Lumbermen's [sic] witnesses, and witnesses identified by claimants as having knowledge within the scope of this interrogatory are set forth in the Rule 26(a)(1) disclosures attached hereto as Attachments 2 and 3."  Mr. Labe was not identified adequately in Attachments 2 or 3.[2]  The Court also notes that Plaintiff concluded its response to Interrogatory No. 1 by stating: "Plaintiff reserves the right to amend this response as information becomes available."  The necessary implication of this remark is that Plaintiff had provided all of the

---

[2] Mr. Labe was listed as an expert witness in response to Defendants' expert witness interrogatory but a Rule 26(a)(2) report was never provided and Plaintiff does not identify him as an expert to be called at trial.

information it had about witnesses with information about the claims and defenses in this case. We know now that Plaintiff knew of Mr. Labe in early 2004, and certainly in December 2004, yet he was not listed in the interrogatory response or a supplement to it.

The Court acknowledges that Mr. Labe is mentioned in Plaintiff's response to Interrogatory No. 6, which requested:

> Identify each and every conversation or communication, including but not limited to the date, place, method, parties involved, and subject matter, between Plaintiff and Adesta pertaining to the claims being asserted by Plaintiff herein.

In its response, Plaintiff identified Mr. Labe as being involved in an April 8, 2002 meeting in Colorado with Mr. Purnell, Ms. Ellen Cavallero and "Adesta personnel, including William G. Latka," and further stated that Mr. Labe had "communicated with Adesta Corporate Attorney, William G. Latka and Adesta's Nebraska Counsel, Robert J. Bothe about Claims pending in Colorado . . . ." Finally, the response stated that Mr. Labe had certain other communications with representatives of Adesta Communications, Inc. and Lumbermens, which communications were identified in documents produced by the Plaintiff.

Because Mr. Labe was not identified as a fact witness in response to the

mandatory disclosures or the November 15, 2004 interrogatories, his testimony will not be allowed at trial, except to the extent there was disclosure in response to Interrogatory No. 6 as to Mr. Labe's participation in specific communications. Because Defendants were put on notice of his participation in these specific communications, Mr. Labe may be called about them -- that is, he may testify as to what transpired and was discussed in those specific communications identified.

### C.     Production of Documents

Finally, the Court has now had the opportunity to review Mr. Shahinian's January 30, 2006 affidavit and Plaintiff's January 30, 2006 submission entitled "Information Requested at Hearing" on the question of the production of documents. These submissions show that the collection and production of documents was at least inefficient.  The submissions also show that documents counsel for Plaintiff admits are relevant to this action, were responsive to discovery requests, and were otherwise required to be produced pursuant to Plaintiff's discovery obligations under Rule 26(a)(1), were not timely produced.  Accordingly, Plaintiff is precluded from introducing in its case-in-chief any documents which were not produced to Defendants for inspection and copying before the close of discovery. See Gratton, 178 F.3d at 1374; see also Fed. R. Civ. P. 37(c)(1), 37(b)(2)(A)-(C).

Plaintiff further is precluded from using information in these documents unless there is an independent admissible basis or source for such information.

### III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude Plaintiff's Introduction and Use of Undisclosed Evidence of Reinsurance and for Involuntary Dismissal Under Rule 41(b) or Judgment [163] is **GRANTED IN PART and DENIED IN PART**.  The motion is **DENIED** with respect to the reinsurance agreements and testimony necessary to authenticate them.  The Court further orders that the parties may conduct limited discovery about the reinsurance agreements.  Discovery is limited to the reinsurance payments made and any obligation in the reinsurance agreements requiring Plaintiff to make repayment of amounts paid to it under the subject reinsurance agreements.  The motion also is **DENIED** with respect to Defendants' request the complaint be dismissed.  The motion is **GRANTED** with respect to evidence of the reinsurance agreements other than the reinsurance agreements themselves or evidence regarding the repayment obligations contained in the agreements.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude All Testimony from Jay Labe and Scott Leo [165] is **GRANTED IN PART and DENIED IN PART**. The motion to exclude the testimony of Scott Leo is **GRANTED**. The Motion to exclude the testimony of Jay Labe is **DENIED** to the extent it seeks to exclude Mr. Labe's testimony about the communications identified in Plaintiff's response to Defendants' Interrogatory No. 6. The Motion is **GRANTED** with respect to Mr. Labe's testimony about matters other than the communications specifically identified in Plaintiff's response to Interrogatory No. 6.

**IT IS FURTHER ORDERED** that Plaintiff is precluded from introducing in its case in chief any documents which were not produced to Defendants for inspection and copying before the close of discovery. Plaintiff also is precluded from using information in these documents unless there is an independent admissible basis or source for such information.

**SO ORDERED** this 31st day of January, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE