IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**LUMBERMENS MUTUAL**
**CASUALTY COMPANY,**

                  **Plaintiff,**

v.                                  1:04-cv-339-WSD

**ABLE TELECOMMUNICATIONS**
**& POWER, INC., et al.,**

                  **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Ninth Motion in Limine to Exclude Testimony of David Hoover [147] and Defendants' Motion for Summary Judgment [183].[1]

    **A.**     **Plaintiff's Ninth Motion in Limine to Exclude Testimony of David Hoover**

On January 23, 2006, the Court held a hearing (the "Hearing") regarding Plaintiff's motion in limine to exclude testimony of Mr. Hoover. During the Hearing, the Court excluded several opinions expressed by Mr. Hoover in his

---

[1] This matter also is before the Court on Plaintiff's Motion to Allow Supplemental Filing [199, 204]. Because Plaintiff's motion seeks only to correct an error in its previous filing and Defendants do not oppose Plaintiff's motion, the Court permits Plaintiff to supplement its filing.

expert report, including opinions regarding (i) the customary practice in the industry when entering indemnity agreements (Hearing Tr. at 21-23, 37-38); (ii) the customary practice in the industry regarding notice to alleged indemnitors under an indemnity agreement (id. at 59); and (iii) repayment obligations under reinsurance agreements and other sources of recovery. (Id. at 61, 69.) The Court heard testimony from Mr. Hoover regarding the following opinions:

> (1) Plaintiff failed to supervise properly its agents in issuing bonds in excess of the authority granted under the power of attorney. (See Expert Report at 7 ¶ 7.)
>
> (2) Plaintiff should have instituted a FAS on the ISTHA project. (See Expert Report at 9 ¶ 6; Hearing Tr. at 92-93.)
>
> (3) Plaintiff did not administer properly the FAS on the CTA project. (See Expert Report at 10 ¶ 10; Hearing Tr. at 100-01.)

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied

> the principles and methods reliably to the facts of the case.

To exercise properly its role as a gatekeeper to the admission of scientific testimony, the Court must consider whether (i) the expert is qualified to testify regarding the matters he intends to address, (ii) the expert's methodology is sufficiently reliable under Daubert, and (iii) the expert's testimony assists the trier of fact to understand the evidence or to determine a fact in issue. Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340-41 (11th Cir. 2003).

The Court has considered the arguments by counsel and the testimony of Mr. Hoover. The Court finds Mr. Hoover may testify at trial regarding his opinions that (1) Plaintiff failed to supervise properly its agents in issuing bonds in excess of the authority granted under the power of attorney and (2) Plaintiff should have instituted a FAS on the ISTHA project. The Court finds Mr. Hoover competent to testify to these opinions, that his opinions are sufficiently reliable under Daubert and that his testimony will aid the jury to determine a fact in issue. The Court further finds, and the parties agreed at the Hearing, that Mr. Hoover's opinion regarding whether Plaintiff administered properly the FAS on the CTA project is

irrelevant unless there is a showing that funds paid by MCI were not used for project purposes. (See Hearing Tr. at 109-111.)

The Court notes it makes these rulings regarding Mr. Hoover's testimony without the benefit of the context in which his testimony will appear. The Court reserves the right to consider further proffers of his testimony, and objections thereto, at trial.

**B.    Defendants' Motion for Summary Judgment**

Plaintiff was procured by Universal to act as surety and to issue payment and performance bonds (the "Bonds") for the benefit of Adesta Communications, Inc. ("Adesta"). The Bonds are the subject of this litigation. After Plaintiff issued the Bonds, Adesta defaulted on its obligations and Plaintiff covered Adesta's obligations as required by the Bonds. Plaintiff demanded, pursuant to a General Indemnity Agreement, that Defendants indemnify Plaintiff for the costs and expenses incurred by Plaintiff in connection with payments it was required to make under the Bonds as a result of Adesta's default on its obligations. Plaintiff asserts claims against Defendants alleging that Defendants breached the General Indemnity Agreement by failing to indemnify Plaintiff for losses it incurred under the Bonds as a result of Adesta's default.

Defendants move for summary judgment on the grounds that Plaintiff has been fully compensated under a reinsurance agreement by Universal for its losses incurred in connection with the Bonds, cannot establish an obligation to repay Universal if it recovers from Defendants in this action, and, therefore, is seeking a double recovery prohibited by Georgia law.  Plaintiff contends summary judgment is not appropriate because (i) the reinsurance agreement between Universal and Plaintiff requires Plaintiff to reimburse Universal for any recovery by Plaintiff in this action, and (ii) Universal has an equitable subrogated right to Plaintiff's recovery in this action.

The only issue before the Court on Defendants' motion for summary judgment is whether Defendants have established as a matter of law that Plaintiff seeks double recovery prohibited by Georgia law.  Defendants claim Plaintiff's only identified source for a repayment obligation between Plaintiff and Universal is contained in Reinsurance Contract #1.  Defendants argue that Reinsurance Contract #1 does not establish any enforceable obligations because the contract is expired and its terms do not impose a repayment obligation on Plaintiff as a matter of law.

A three-step analysis is required to construe a contract: (1) the court must determine if the contract language is unambiguous, and, if so, the court must enforce it; (2) if the contract is ambiguous, the court must apply the rules of contract construction to resolve the ambiguity; and (3) if the ambiguity remains after application of the construction rules, the meaning of the contract must be decided by a jury. Sheridan v. Crown Capital Corp., 554 S.E.2d 296, 298 (Ga. Ct. App. 2001); Altama Delta Corp. v. Howell, 483 S.E.2d 127, 129 (Ga. Ct. App. 1997); O.C.G.A. § 13-2-1 ("The construction of a contract is a question of law for the court.").

The Court first must determine if the contract is ambiguous. A contract is ambiguous when it is "uncertain of meaning, duplicitous, and indistinct; or when a word or phrase may be fairly understood in more than one way . . . ." Sheridan, 554 S.E.2d at 298. The Court must look to the entire contract to determine the meaning of its provisions. Id.

The Court has carefully considered the parties' pleadings and finds Defendants, on the record before the Court, have failed to establish as a matter of

law that Universal is not entitled to any recovery by Plaintiff in this action.[2]  At a minimum[3], ambiguity remains whether the reinsurance contract between Plaintiff and Universal is valid and whether that contract requires Plaintiff to reimburse Universal for any amounts recovered in this action.  Because the contract terms at issue are at a minimum ambiguous, and rules of construction do not resolve the ambiguities, the issue of Plaintiff's repayment obligations remains for the jury to decide.  See generally Altama Delta Corp., 483 S.E.2d at 129 ("If the court cannot resolve an ambiguity in the contract, then the jury must determine its meaning.").

### C. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Ninth Motion in Limine to Exclude Testimony of David Hoover [147] is **GRANTED** in part and **DENIED** in part.

---

[2] Defendants also have failed to establish as a matter of law that Universal does not have an equitable subrogated right to Plaintiff's recovery in this action.

[3] The Court is not required to determine whether Plaintiff conversely has established its right to recovery as a matter of law because the issue is not before the Court.  For this reason, the Court denies Plaintiff's request, presented in its response to Defendants' motion, to "determine these matters adversely to Defendants, and limit the issues at trial accordingly."  (Pl.'s Resp. to Defs.' Mot. for Summ. J. at 21.)

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [183] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Allow Supplemental Filing [199, 204] is **GRANTED**.

**SO ORDERED** this 4th day of May, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE